**Delores MENDOZA et al., Appellants,**

v.

**UNITED FARM WORKERS ORGANIZING COMMITTEE et al., Appellees.**

**No. 71-1930.**

United States Court of Appeals, Ninth Circuit.

Sept. 7, 1973.

Certiorari Denied Feb. 19, 1974. See 94 S.Ct. 1416.

Jonathan C. Gibson (argued), of Gibson & Kennerson, San Diego, Cal., Frederic A. Jacobus, of Jacobus, Isham & Humpal, Visalia, Cal., Rex H. Reed, John L. Kilcullen, of Gall, Lane, Powell & Kilcullen, Washington, D. C., for appellants.

Stephen Engelhardt (argued), of Cohen, Farnsworth, Denison, Carder & Engelhardt, Delano, Cal., for appellees.

Before HASTIE,* KILKENNY and GOODWIN, Circuit Judges.

PER CURIAM:

This is an appeal from an order dismissing a complaint that charged violation of Fourteenth Amendment rights on the ground that it failed to allege such state action as the Amendment requires.

The complaint alleges that the plaintiffs are present or former employees of

---

* The Honorable William H. Hastie, Senior United States Circuit Judge of the Third Circuit, sitting by designation.

the defendant growers of agricultural commodities and that union shop provisions of a labor contract between the defendant employers and the defendant United Farm Workers Organizing Committee, a labor organization, have resulted in the plaintiffs' discharge or other discriminatory action by the defendants against them as employees The complaint also alleges without particularizing that the union shop contract is "on its face and in its operation and effect" violative of the Fourteenth Amendment. The complaint does not specify any causative or coercive involvement of the state in the alleged wrongdoing.

Reference to two leading cases will serve to highlight the inadequacy of this complaint to support a claim of violation of the Fourteenth Amendment. In Shelley v. Kraemer, 1947, 334 U.S. 1, 13, 68 S.Ct. 836, 842, 92 L.Ed. 1161, the Supreme Court observed that "so long as the purposes of . . . [covenants that impose racial restrictions on property ownership] are effectuated by voluntary adherence to their terms, it would appear clear that there has been no action of the State and the provisions of the [Fourteenth] Amendment have not been violated". Recently, the Supreme Court had occasion to apply this concept in a suit by a would-be patron against the owner of a restaurant that had denied her service on a racial ground. Adickes v. Kress & Co., 1970, 398 U.S. 144, 90 S.Ct. 1598, 26 L.Ed.2d 142. A majority of the Court agreed that in order to convert such ordinarily private action into state action within the meaning of the Fourteenth Amendment, there must be some "compulsion of state law". 398 U.S. at 170, 90 S.Ct. 1598.

The present complaint does not allege that the defendants entered into and performed their union shop agreement under any compulsion of California law rather than through the normal give and take of collective bargaining and labor-management relations. We add that we have found nothing in California law

that coerces parties to include union shop provisions in a labor contract. In these circumstances, we agree with the district court that the complaint was inadequate.

The judgment is affirmed.